H. M. SKILLMAN *v.* J. J. FROST'S EXECUTOR ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—621.]

**Dismissal of Appeal.**
> An appeal will be dismissed on motion where the order appealed from is not a final order.

**Lien of Mortgage on Future Property.**
> A mortgage of property to be acquired in the future is void, and while such a mortgage may be valid as a contract to assign and not as an assignment of a present interest, such a right can not be enforced as against the creditors of the mortgagor.

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

January 20, 1883.

OPINION BY JUDGE LEWIS:

The decision rendered upon the question submitted whether the mortgage of J. J. Frost to Skillman is valid as to Frost's interest in so much of the property of Frost & Co. as was acquired July 1, 1877, is not a final determination of the right of appellant in the action from which an appeal will lie to this court, for the lower court has the power hereafter to apply the proceeds of sale of such property, when collected, to the mortgage debt of appellant, notwithstanding that decision.

But, although the appeal is premature and must be dismissed, to save further litigation this court will now render its opinion upon the question presented. The case of *Ross v. Wilson,* 7 Bush (Ky.) 29, was in many respects exactly like this one, and involved the identical question raised here. There a mortgage was executed by one Seibert to Ross conveying a stock of drugs, medicines, store, furniture, etc., then in the business and that might thereafter be purchased by or for Seibert in the usual course of business. The question raised and decided was between the mortgagee and creditors whether the mortgage was a lien upon said property subsequently acquired as against the creditors of the mortgagor.

In the opinion the court said: "The general rule is that at law a grant or mortgage of property to be acquired *in futuro* is void; and if it can be upheld in equity, we apprehend it is only valid as a contract to assign when the property shall be acquired, and not as an assignment of a present interest; and if enforcible in equity

at all, it can only be enforced as a right under the contract, and not as a trust attached to the property. And whatever equitable rights Ross may have acquired as against Seibert by the attempt to mortgage property afterward to be acquired, it is obvious that, restricted as are the rights of mortgagors under our statutes of conveyance and registration, Ross derived by the mortgages no available right to the subsequently acquired property as against the creditors of Seibert."

Previous to that case "This question as affecting the validity of· an ordinary mortgage, had not, we believe, been directly presented heretofore for the decision of this court; but cases which have been supposed to involve it  *  *  *  being restricted in their application respectively to property acquired by accession, as the incident or produce of that which  *  *  *  passed by the mortgage, and to mortgages made in the exercise of powers specially conferred by charter."

The case of *Ross v. Wilson*, 7 Bush (Ky.) 29, seems to have been well considered and was followed by *Hutchison v. Ford*, 9 Bush (Ky.) 318, 15 Am. Rep. 711, and *Vinson v. Hallowell*, 10 Bush (Ky.) 538, this court going to the extent in the case in 9 Bush of holding that a mortgage of a crop to be raised on a farm during a certain term passes no title if the crop was not sown when the mortgage was executed, and the mortgagee has no claim against a purchaser for value.

Although the case of *Zaring v. Cox's Assignee*, 78 Ky. 527, 1 Ky. · L. 161, appears to be somewhat in conflict with the doctrine announced in the three preceding cases, we think the opinion in these cases should be adhered to and the decision rendered by the lower court *sustained*.

*C. S. Scott*, for appellant.

*D. G. Falconer*, for appellees.

[Cited, *May v. Ball*, 21 Ky. L. 1180, 54 S. W. 851; *Jacobs v. Jacobs*, 23 Ky. L. 186, 62 S. W. 263.]