## Wilcoxen v. Farmers' National Bank of Scottsville.

(Decided October 16, 1928.)

### Appeal from Allen Circuit Court.

1.  Mortgages.—Judgment for foreclosure of mortgage is judicatory and final as to personal judgment for the debt, giving the mortgagee a lien on the property, but is merely executory and interlocutory as to order directing commissioner to sell the land in a certain manner in satisfaction of the decree, since here further steps are required to enable court to settle rights of the parties.

2.  Judgment.—Final judgment may not be amended, except as provided by statute; but judgment which is not final may be modified, without resort to that procedure.

3.  Judicial Sales.—Order which merely provides methods and terms of sale of property does not adjudge rights of the parties, but is merely a sort of equitable execution; and trial judge in equity proceedings has discretionary power to modify such orders, so long as the sale is not confirmed, and property and sale are under the power of the court.

4.  Mortgages.—Order modifying judgment for foreclosure of mortgage, in so far as judgment directed which parcels of the mortgaged property should first be sold to satisfy the mortgage debt, held within court's authority, since order directing manner of sale of mortgaged property does not adjudicate rights of parties, and is not final judgment.

N. F. HARPER for appellant.

F. R. GOAD and N. G. GOAD for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The question involved on this appeal is: Whether a court at a subsequent term may change its judgment respecting the method or order in which real estate is to be offered for sale by the master commissioner?

Appellant and her brother, G. R. Walker, owned land in Allen county, which they mortgaged to the appellee, Farmers' National Bank of Scottsville, to secure the payment of their joint note for $4,800. They also owned a house and lot in Scottsville, which was mortgaged to the Peoples' State Bank for $1,300. Mrs. Wilcoxen (then Miss Walker) instituted this suit against her brother for a sale of their property as indivisible, and a division of the proceeds after the satisfaction of the mortgage debts. She made the banks parties to the suit, and called

upon them to set up their respective liens. She also averred that, as between her brother and herself, with the exception of a small sum, the debts were those of her brother, and that his portion of the proceeds of sale should be first applied to the satisfaction of the liens. The appellee and the Peoples State Bank duly set up their claims, and denied the allegations of the petition respecting the extent of appellant's liability. G. R. Walker answered, and asserted that the debts were the joint and several obligations of plaintiff and himself, and that she was equally liable; but it did not become necessary to determine this issue.

At the January term, 1926, judgment was rendered against appellant and her brother for the debts, and the banks were adjudged a sale of all or enough of the property described in their respective mortgages to satisfy their liens. In this judgment the court directed the sale and the application of the proceeds of the town property to the payment of the debt due the People's State Bank, any excess to be applied on the debt of the Farmers' National Bank. The town property was sold under this judgment twice, and, the last sale having been confirmed, that matter is not involved on this appeal.

It appears that encompassed within the boundary of tract No. 1, mortgaged to appellee, there was a parcel belonging to the appellant individually, and that she also owned an undivided one-third interest in the balance of the tract; her brother, G. R. Walker, owning the remaining undivided portion. Tract No. 2, described in the mortgage and judgment as containing 108 acres, all belonged to the appellant individually. The judgment directed the master commissioner to sell the property, or enough thereof to satisfy the debt; but he was ordered to sell the joint property first. It was provided, also, that unless the surveyor could otherwise ascertain the proper boundary and acreage belonging to the joint parties, and separate it from appellant's individual land, there should be a survey to determine that line. If the joint property did not yield sufficient to satisfy the debt, the commissioner was directed to sell all or enough of the remainder for that purpose; it being specifically provided that no part of appellant's individual land should be sold until the joint property was disposed of. The judgment in this particular was not clear, and when a sale was had thereunder exceptions to the commissioner's report were sustained, because it was not in accordance with the order.

At the January term, 1927, an order was entered which recites that it was "in accordance with the agreement of all parties," and which was "in addition to the provisions of said original judgment." This order directed that the commissioner should attempt to get the debt for the least number of acres of the G. R. Walker land before offering all his land, and further provided, should that not be sufficient, he should offer the appellant's land in the same way, and then should sell both farms together, adopting the sale bringing the most money. Exceptions to the report of this sale were sustained, and it was set aside.

At the April term, 1927, the third order was entered, in which it was adjudged that it was the intention of appellant and her brother to mortgage, and that they did mortgage, all and any of their real estate to the bank to secure its debt, and the commissioner was directed to sell the whole of tract No. 1, or a sufficiency to pay the debt, and then tract No. 2, in the same manner, finally combining the two tracts and adopting the sale bringing the most money. This order describes the two tracts by metes and bounds in the identical way described in the original judgment. Under this order all the property was sold to appellee for considerably less than its debt, costs, and accrued taxes, which sale was confirmed after appellant's exceptions were overruled.

The appellant seeks a reversal of the judgment confirming the report of sale on the sole ground that this last order was void, because it undertook to change a final judgment. There was only a slight departure from the method by which the commissioner was directed to sell the land in the first instance, and still less from the agreed order. He was authorized by each of the three orders to sell all the property included in the mortgage, if necessary to make the debt, and the record shows he did so on each occasion. It is difficult to see how appellant could have been prejudiced.

The original judgment may be considered as being in two parts, easily differentiated—the one judicatory in its nature and undoubtedly final, awarding a personal judgment for the debt and adjudging the bank to have a lien on the property, and the other, which is executory, directing the commissioner to sell the land in a certain manner in satisfaction of the decree so awarded. This part of the judgment was merely an interlocutory order, as further steps were required to enable the court to settle the rights of the parties. Perry v. Covington Sav-

ings Bank & Trust Co., 195 Ky. 40, 241 S. W. 850; Hartford Fire Insurance Co. v. McDonald, 177 Ky. 838, 198 S. W. 225.

The power of a court to alter its judgments or orders after the expiration of the term at which they are rendered depends altogether on their nature. That a final judgment may not be amended, except as provided in the Civil Code, is elementary law; but, if it is not final in its effect, it may be modified, without resort to that procedure. An order of this kind, which provides the method and terms of sale, does not adjudge the rights of the parties. It is "a sort of equitable execution providing the manner in which the decree shall be enforced." 15 R. C. L. 678. And as it is stated in 16 R. C. L. 52:

> "The law appears to be well settled that a trial judge in equity proceedings has discretionary power to modify all orders affecting a sale directed by him, so long as the sale is not confirmed and the property and sale remain under the power of the law."

This court recognized such power in Guest v. Foster, 159 Ky. 1, 166 S. W. 620. The chancellor was, therefore, clearly acting within his power in entering the last order under which the final sale was made.

The judgment is accordingly affirmed.