## Commonwealth v. House et al.

(Decided Sept. 27, 1932.)

BAILEY P. WOOTTON, Attorney General, and W. J. BAXTER for appellant.

G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Overruling motion to set aside order dismissing appeal.

The appellees herein were indicted for the offense of unlawfully, willfully, and feloniously confederating and banding together for the purpose of doing a felonious act, a felony. At the conclusion of the commonwealth's evidence, the court peremptorily instructed the jury to find the appellees not guilty, and, a verdict being returned in accordance with that instruction on the 29th day of October, 1931, judgment was then entered in accordance with the verdict. On October 30, 1931, the commonwealth filed its motion for a new trial, which was on that day overruled, the commonwealth excepting and praying an appeal to the Court of Appeals for the purpose of having the law certified. Time was granted to the commonwealth until the 2d day of February, 1932, term in which to tender and file its bill of exceptions, which time was later extended to and including the 25th day of February, 1932. On that day the commonwealth filed its bill of exceptions. The record was filed in this court on April 23, 1932. On June 24, 1932, on appellees' motion, the appeal was dismissed. The commonwealth has filed a motion to set aside the order dismissing the appeal, and the case is now before us on such a motion. The dismissal of the appeal in June was based on the failure of the commonwealth to file the record in this court within the time prescribed by law. Section 337 of the Crimnial Code of Practice, which governs appeals on behalf of the commonwealth in felony cases, provides that the appeal desired by the commonwealth shall be prayed during the term at which the decision is rendered, and that to complete the appeal the transcript of the record must be lodged in the clerk's office of the Court of Appeals within 60 days after the decision from which the appeal is taken is made. In the case of Commonwealth v. Brand, 166 Ky. 753, 179 S. W. 844, the distinction between appeals by defendants and those by the commonwealth in felony cases is pointed out. Defendants can appeal only from final orders. The commonwealth, however, appeals from decisions of the court whether such decisions be final orders are not, but only from such decisions which are adverse to it. The Code is specific in providing that the record must be filed in felony appeals within 60 days after the decision appealed from is made.

In the case of Commonwealth v. Barbour, 94 S. W. 634, 29 Ky. Law Rep. 622, it was held that the requirement of filing the record within 60 days is not

directory as the commonwealth now urges, but, on the contrary, mandatory and jurisdictional. In that case the appellee made no objection to the record not being filed in time, but, despite this, it was held that the court had no jurisdiction, since the record was not filed in the 60 days. Prior to the amendment of 1926 to section 348 of the Criminal Code of Practice, which bears on appeals in misdemeanor cases, the rule in such cases about lodging the record on appeals by the commonwealth was practically the same as in felony cases, but, since the amendment of 1926, appeals in misdemeanor cases by the commonwealth take the same procedure with reference to the time of filing the record as appeals by defendants. However, that amendment applies only to misdemeanor cases, and does not affect appeals in felony cases. In the instant case, the appeal was taken either from the decision of the court in sustaining the defendant's motion for a peremptory instruction or in overruling the commonwealth's motion for a new trial based on the claimed error in the granting of the peremptory instruction. Both of these decisions were made in October, 1931, and, as the record was not filed in this court until the following April, it was not filed in time. The time granted by the trial court for the purpose of preparing and filing the bill of exceptions did not serve to excuse the commonwealth from filing the record in this court within 60 days after the day the decision appealed from was made. It was expressly so held in the case of Commonwealth v. McCready, 2 Metc. 376, in passing on an appeal in a misdemeanor case when the rule about the time of filing the record in such cases was, as pointed out above, practically the same as in felony cases. The motion to set aside the order dismissing the appeal will have to be, and it is hereby, overruled.

Whole court sitting.