## Buckley et al. v. Buckley.

(Decided Nov. 10, 1933.)

272

CHILDERS & BOWLES for appellants.

W. A. DAUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On September 7, 1927, J. K. Buckley died intestate, a resident of Pike county, Ky., leaving surviving him as his heirs and distributees, his widow, Lydia Buckley, the appellee herein, and a number of children, some by a former wife and some by Lydia Buckley, together with some grandchildren, the descendants of a deceased son. Lydia Buckley qualified as administratrix of her deceased husband's estate. J. K. Buckley left some personal property, the major portion of which consisted of a stock of goods in a store he was then running and also five pieces of real estate. At the time of his death, he was indebted in excess of $2,000. Mrs. Buckley set about at once administering the estate. After advertising the contents of the store for sale, she, as the administratrix, had them auctioned off. Although the contents had been appraised at $1,650, the best bid Mrs. Buckley could obtain was $500, and thereupon she bought them in herself for the sum of $650. The proceeds of Mr. Buckley's personalty being totally inadequate to pay the debts of the estate and costs of administration, Mrs. Buckley brought suit to settle the estate and for a sale of the realty. The case was referred to the commissioner. In his report, after setting out the debts of the estate, the commissioner stated that Mrs. Buckley had bought in the contents of the store at the auction sale and recommended that under the facts and circumstances this purchase by her be ratified and approved as one advantageous to the estate. The heirs of J. K. Buckley filed exceptions to the commissioner's

report on numerous grounds, some of which were sustained and some of which were overruled, but they took no exceptions to the court's rulings on their exceptions to the commissioner's report save and excepting the court's allowance to the administratrix' attorney for services rendered the estate in its settlement and the court's approval of the purchase of the contents of the store by Mrs. Buckley. The court thereupon finding that the proceeds of the personalty of the decedent were not sufficient to pay the debts of the estate ordered the real estate sold. Although appraised at $10,500, the five parcels brought but $3,050. Mrs. Buckley filed exceptions to the report of sale on the ground that the real estate was worth a great deal more than it had been sold for. To protect the estate and those interested in it, she offered, with the court's permission, to pay off the debts of the estate, to pay the purchaser at the judicial sale the sum of $300 to release his bargain, he being willing to do so for said sum, to pay the costs of the suit brought to settle the estate, and to take a lien on the five pieces of real estate to secure her in the amount thus paid out by her. The court authorized her to do as she had offered and referred the case back to the commissioner in order that Mrs. Buckley might produce and prove before him what debts and expenses she had paid in accordance with her offer. Later the commissioner reported that Mrs. Buckley had paid out on the various items she had offered to pay as above set out the sum of $2,472.29. The court thereupon entered a judgment awarding Mrs. Buckley a lien on the five pieces of property to secure her in the repayment of this sum so paid by her. Thereafter Mrs. Buckley bought from some of the heirs their undivided interest in and to the five pieces of real estate above mentioned. In 1931, Mrs. Buckley brought this suit seeking to foreclose the lien awarded her under the last judgment of the court in the settlement suit and also asking, as a joint owner, for a division between her and the other heirs of any excess of the sale price of the land over and above her lien debt. Some of the heirs resisted this suit by attempting to reopen the administration of J. K. Buckley's estate settled by Mrs. Buckley in the settlement suit and by pleading that since the judgment awarding her a lien on the real estate for the debts she had paid, Mrs. Buckley had been in possession of that real estate and had collected the rents and profits from

it which rents and profits should be credited on the lien debt she held against the estate. By reply, Mrs. Buckley pleaded the judgment awarding her the lien for the debts she had paid as res judicata of the questions of the proper administration by her of her husband's estate and of the amount due her from that estate, and denied the receipt of any income applicable to the lien debt. The court held that except in so far as Mrs. Buckley had received any income from the estate since the entry of the judgment awarding her a lien for the debts she had paid, that judgment was res judicata of the questions sought to be raised by these heirs in resisting the enforcement of that lien, but that this judgment in Mrs. Buckley's favor should be credited by whatever was due from Mrs. Buckley because of income received from this real estate since that judgment had been entered. Proof was heard orally in court as to this question of income, but as it was not preserved by a bill of exceptions, it has heretofore been stricken on motion in this court from this record on appeal. See City of London v. Barnett, 228 Ky. 471, 15 S. W. (2d) 286. On final submission, the trial court entered a judgment in favor of Mrs. Buckley ordering a sale of the realty to satisfy the lien theretofore awarded her and division of the proceeds of the sale above that necessary to discharge that lien between her and the other heirs as their interest appeared. From that judgment, this appeal is taken.

In the brief for the appellants, it also stated that an appeal is taken from the judgment awarding Mrs. Buckley the lien sought to be enforced in this action, but in this counsel is in error. That judgment appears on pages 217 to 221 of the record. In the statement of appeal the judgments appealed from herein are set out as being on page 55 of the record (this is the judgment in the instant case ordering the enforcement of the lien), and on page 201 of the record. This latter is an order of the court passing on the exceptions to the commissioner's first report in the administration suit and ordering a sale of the realty to satisfy the debts of the estate. The only rulings of the court therein excepted to by the heirs of Mr. Buckley were the allowance of the attorney's fee for settling the estate and the ratification of the sale of the contents of the store to Mrs. Buckley. The court's rulings in these particulars, be-

ing the only ones to which the heirs took exception to, were but interlocutory and not final orders from which an appeal lies. In Adkisson v. Dent, 83 Ky. 628, 11 S. W. 950, 11 Ky. Law Rep. 85, it was expressly held that an order confirming a commissioner's report of settlement but not disposing of funds was not a final order which is appealable. The same was held in Paul v. Wetlauf, 71 S. W. 632, 24 Ky. Law Rep. 1480. We are then concerned only with the propriety of the judgment in the instant case ordering the enforcement of the lien adjudged Mrs. Buckley in the administration suit. That the judgment in the administration suit is res judicata of the right of Mrs. Buckley to the lien therein awarded her and to the extent then adjudged her subject, of course, to any credits for net income from the estate thereafter received by her cannot be doubted. The court had jurisdiction of the subject-matter and of the parties in the administration suit and its judgment is conclusive of the rights of the parties and their privies in another suit on the points and matters in issue in the first suit. Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Bates v. City of Monticello, 173 Ky. 244, 190 S. W. 1074; Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754. It remains to be determined whether this lien judgment should be credited by any net income which Mrs. Buckley has since derived from the estate. The court heard proof on this point and held not. That proof is not before us and in its absence we must presume the court acted correctly. Hence the judgment herein enforcing the lien given in the administration suit and to the extent there awarded must be affirmed. That there may be no misunderstanding about how the realty is to be sold under this judgment, we add that the judgment is to be interpreted so as to mean that so far as the lien is concerned, only so much of the five pieces of real estate shall be sold as may be necessary to satisfy the lien debt; first being offered in separate pieces, and, if as so offered they do not bring enough to pay the lien debt, then as a whole, the better bid or bids to be accepted. If all the real estate be not needed to satisfy the lien, the balance shall be sold in separate tracts for the purpose of dividing the proceeds among those entitled thereto.

The judgment is affirmed.