## Johnson v. Beattie et al.

(Decided May 12, 1936.)

HENRY M. JOHNSON for appellant.

SHACKELFORD MILLER, Jr., for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Pamela Beattie owned a certain parcel of real estate in Louisville, Ky., located on the south side of Chestnut street, between Fourth and Fifth streets. On March 20, 1923, she leased this property to the Consolidated Realty Company for a period of 99 years, beginning September 1, 1923, for a rental of $250 per month for the first ten years and an increased rental for subsequent periods.

The lease required the lessee to pay all taxes on the property, and if it failed to do so lessor was entitled to pay same and include the amount as rent due and unpaid under the lease. The lease further authorized the lessee to remove the then existing improvements on the lot and to erect new improvements thereon. The lease also contained the following provisions:

"The lessee covenants and agrees that it will have erected on the property hereinabove described improvements to cost not less than Twenty Thousand [$20,000.00] Dollars within six months from September 1, 1923, and covenants that said improvements will be free of any liens for labor or material furnished upon same. * * *

"Any improvements erected on the property shall belong to and become the property of the lessor at the expiration of this lease. * * *

"All rentals shall be payable monthly in advance without notice or demand at the office of the Fidelity and Columbia Trust Company, the lessor's

agent. The failure of the lessee to comply with the covenants of this lease shall constitute a forfeiture, at the option of the lessors, in which event the lessors shall be entitled to re-enter and take possession of the premises without notice.''

Thereafter in accordance with the terms of the lease, lessee removed the existing building on the lot and erected thereon a three-story brick building containing stores on the first floor and apartments on the second and third floors, costing about $135,000. The erection of this building was financed by the lessee by the issuance of bonds in the amount of $135,000, and Howard T. Cree and the National Bank of Kentucky acted as trustees for the bondholders. The bonds were secured by mortgage against the improvements and the leasehold and were sold to the public. Henry M. Johnson succeeded the above-named trustees and is now representing the bondholders in this action. Pamela Beattie, the lessor, died in February, 1926, and the property in question descended to her heirs, who are the appellees herein and referred to as the lessors.

Lessee failed to pay the city, state, and county taxes against the property for the years 1928, 1929, 1930, and 1931, and the lessor was required to pay the same in the approximate amount of $21,000. In addition to its failure to pay the taxes, the lessee also defaulted in the payment of his monthly rent beginning with the month of January, 1930, and paid no further rents thereafter.

In September, 1931, the lessor brought this action against the Consolidated Realty Company and the trustee for the bondholders setting out the terms of the lease and the various defaults by lessee in nonpayment of taxes and of rent and asked for a judgment in the alternative, first, that the lease be canceled and lessor be entitled to re-enter and take possession of the property, exclusive of the right of any of the defendants; or if the court should adjudge that the lease be not canceled, that lessor be adjudged a lien against the improvements to secure the payment of the judgment rendered, and that such lien be adjudged prior and superior to all claims or rights of each and all the defendants and any and all bondholders, and that the improvements on the real estate be sold by order of the court to satisfy the judgment rendered.

Answers of the trustee for bondholders and indi-

vidual bondholders were filed, denying that the lessors were entitled to the relief asked, and further pleaded in substance that the lessors were not the owners of the improvements upon the property; that it would be inequitable to forfeit the lease to the prejudice of the bondholders; and that the lessors had no lien against the improvements for the unpaid rents or for the defaulted taxes which lessors paid as above indicated. It was also alleged in the answer that the leased property constituted joint ownership of the property because of the money of the bondholders expended in the erection of the improvements thereon, and that the bondholders had an interest in the improvements superior to the interest of the lessors.

Amended answers and answers of individual bondholders were filed from time to time, which were similar in nature to the one above indicated, to all of which the court sustained demurrers.

The cause was submitted, and the court entered judgment on December 17, 1932, adjudging that the lessee was indebted to the lessors in the amount of $8,293.67 for unpaid taxes, and for the monthly rent of $250 per month beginning January 1, 1930, and including November, 1932, in the aggregate sum of $18,836.31. The judgment further provided that the lessors had a lien against the leasehold and improvements thereon to secure the payment of the judgment, and that said lien was superior to any lien or claim of the lessee or the trustee for the bondholders or any bondholder under the deed of trust, or mortgage, and that the liens of the defendants (lessees and bondholders), if any, should attach to the proceeds of the sale in the same manner and to the same extent and priority as they existed against the property ordered sold.

It was further adjudged that the improvements on the leasehold interest could not be divided without materially impairing its value or the value of the lessors' interest therein, and for the purpose of satisfying the judgment the commissioner of the Jefferson circuit court was ordered and directed to sell the improvements and leasehold interest at public outcry after having first duly advertised same as required by law. A sale of the property was made on February 6, 1933, and the lessors purchased same for the sum of $12,000; this sum being the exactly appraised value of the property. Excep-

tions were filed to the report of sale and overruled, and on April 1, 1933, an order was entered approving the sale. On April 15, 1933, another order was entered directing the commissioner to credit the lessors' judgment in the amount of the purchase price of the property and to execute and deliver a deed of conveyance to the purchasers conveying the property to them. The case was retained upon the docket "for all further necessary and proper orders."

The appellant was granted an appeal from the judgment of December 17, 1932, but failed to perfect it. Thereafter, on March 28, 1935, more than two years after the rendition of the judgment of December 17, 1932, but less than two years after the entry of the orders of April 1 and 15, 1933, above mentioned, appellant filed the record with this court and obtained an appeal from the last two above-named orders.

It is the contention of appellees that the judgment of December 17, 1932, was a final order determining the issues and rights of all parties and is now not reviewable by this court because no appeal was taken therefrom. On the other hand, it is the contention of appellants that the judgment of December 17, 1932, merely fixed the priority of liens and was not final until exceptions thereto were overruled as directed by the orders of April 1 and 15, 1933, and to support its contention it relies on the rule enunciated in the cases of Skillman v. Frost's Ex'rs, 4 Ky. Law Rep. 621, Harris v. Tuttle, 62 S. W. 729, 23 Ky. Law Rep. 220, and cases therein cited, and also the case of Buckley v. Buckley, 251 Ky. 271, 64 S. W. (2d) 593.

In Harris v. Tuttle, supra, it was held that an order merely adjudging a priority of liens, but without ordering a payment of funds to lienholders, is not a final order and not appealable.

Skillman v. Frost's Ex'rs, supra, is an abstract opinion and no facts are set out therein. It merely holds that in a suit to settle the estate of a decedent, there being a question as to what extent a mortgage upon certain property of decedent was valid, the question was submitted to the court and decided adversely to the mortgagee, and that such order was not final and an appeal would not lie therefrom, as the lower court had power thereafter to apply the proceeds of the sale

of such property when collected to the mortgage debt, notwithstanding that order. It does not appear that the judgment or order provided for the distribution of the proceeds of the property when sold.

Other cases relied on for appellant involved the settlement of estates, and it appears the rights of distributees or creditors were not definitely fixed in the judgments and left open for further adjudication.

In the present case the judgment entered December 17, 1932, not only definitely settled the issues between the parties, with respect to the lessors' lien against the leasehold and improvements thereon under the lease-contract, but also specifically ordered the property sold *in satisfaction of the lessors' judgment,* which was tantamount to ordering a distribution of the funds to the lessor lienholders, and the only purpose of retaining the case on the docket was to enforce the judgment. Brown v. Vancleave, 86 Ky. 381, 6 S. W. 25, 26, 9 Ky. Law Rep. 593. See, also, Blackburn v. Blackburn et al., 200 Ky. 310, 254 S. W. 915, wherein it was held that ''final judgment'' is one that definitely settles the rights of the parties and puts an end to the controversy between them and gives to the successful litigant the relief sought, and the retention of the case on the docket for the purpose of carrying the judgment into effect is administrative only and the judgment is nevertheless final.

In Wilcoxen v. Farmers' National Bank of Scottsville, 225 Ky. 764, 10 S. W. (2d) 298, 299, it is said:

> ''An order of this kind, which provides the method and terms of sale, does not adjudge the rights of the parties. It is 'a sort of equitable execution providing the manner in which the decree shall be enforced.' ''

And citing 15 R. C. L. 678, and 16 R. C. L. 52. See, also, Trade Discount Co. v. J. R. Cox & Co., 143 Ky. 515, 136 S. W. 901.

In Brown v. Vancleave, supra, the court rendered judgment against Brown in April, 1884, and in addition to the formal adjudication of the amount of recovery the judgment contained this provision:

> ''Unless the defendant, Brown, shall, within ten days, tender the plaintiff, or pay into court the amount of this judgment, and interest, and cost, to

be ascertained by taxation of the clerk, the court will proceed to render judgment for the sale of the attached property, or otherwise dispose of the same, for which purpose the action is retained."

Subsequent steps were taken, not applicable herein, and the case was finally appealed to this court after two years had elapsed from the rendition of the judgment in April, 1884. One of the questions involved on the appeal was whether the judgment of April, 1884, was final. In disposing of that question it was said:

"As intimated in a preceding part of this opinion, the judgment rendered on the twenty-ninth of April, 1884, absolutely settled the rights of the appellant and appellee. The judgment was final. It left no controversy, as between the appellant and appellee, open to be hereafter settled by the judgment of the court. By the judgment the case was to remain on the docket solely for the purpose of ordering the sale of the attached property to satisfy the judgment in case the appellant did not, within 10 days, satisfy the judgment by paying the money in court. But the judgment was nevertheless final; the order retaining the case on the docket was solely for the purpose or executing the judgment."

The facts disclosed by this record, considered in the light of the authorities herein cited, impel us to the conclusion that the judgment of December 17, 1932, was a final one and appellant's appeal comes too late.

This conclusion makes it unnecessary to consider other questions raised.

The judgment is affirmed.