# Brake v. Commonwealth.

November 15, 1949.

Bertram & Bertram and Bruce H. Phillips for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

JUDGE HELM—Affirming.

The Sheriff of Wayne County, with other officers, searched premises belonging to appellant, Elza Brake, in Wayne County on December 26, 1948, and discovered a quantity of beer. The Sheriff, in searching the premises, executed a search warrant describing the premises to be searched. The search warrant had been issued by the Judge of the Wayne County Court, after an affidavit sworn to by the Sheriff had been filed with him. At a trial appellant was convicted of illegally possessing alcoholic beverages for sale in local option territory. His punishment was fixed at a fine of $100 and confinement in the county jail for a period of 60 days. It was further adjudged that he "be required to make a $500 peace bond, that he will not engage in the

illegal liquor business for a period of twelve months from the date of judgment.''

He appeals from that judgment, assigning as errors: (1) That the affidavit was not ''sufficient as a matter of law as a basis for issuing a search warrant;'' and (2) ''Instruction No. 2 as given by the court'' did not ''give the full instruction to which the appellant was entitled under the proof.''

The affidavit in support of the search warrant is as follows:

''The affiant, E. M. Gibson, a reputable citizen, who has first been duly sworn says that he is a citizen and resident of Wayne County, Kentucky, and that he is sheriff of Wayne County, Kentucky, and is more than twenty-one years of age; that he has reasonable grounds to suspect and believe and that he does suspect and believe that intoxicating liquors towit, spirituous, vinous, malt or other intoxicating liquors are being kept for sale and are sold or otherwise disposed of, in violation of law in or on the premises of Elza Brake located in Wayne County, Kentucky, a territory wherein the Local Option Law is now and was at all times referred to herein, in full force and effect which premises are on Highway No. 90 and on the right side thereof going in the direction of Albany, Kentucky, from Monticello, Kentucky, and about 4 or 5 miles from Monticello, and being a two story white house and near the Hall Valley School house and that such intoxicating liquors are being brewed, distilled and manufactured in and on said premises, in violation of law, which premises are in the possession of Elza Brake and that the grounds for his belief or information are as follows, towit: That he was, this the 26th day of December, 1948, reliably informed by Russell Hill, a reputable citizen of Wayne County, Kentucky, that liquor is now stored and being sold in violation of the Local Option Law on the above-described premises, which are located in Wayne County, Kentucky, a territory wherein the Local Option Law is now in full force and effect, and that the said Elza Brake has the reputation of being in the liquor business.''

We believe this affidavit is in substantial compliance with Section 10 of our Constitution.

438

Instruction No. 2, as given by the court, has what appears to be a typographical error, but considering the latter part of the instruction and taking the instruction as a whole, we believe the jury could not have been misled and that the instruction was not substantially prejudicial to appellant.

The judgment of the circuit court is affirmed.