## Commonwealth v. Bushong.

March 24, 1950.

James C. Carter, Jr., Judge.

A. E. Funk, Attorney General, Walter C. Herdman, Assistant Attorney General, and Harold M. Garner, Commonwealth's Attorney, for appellant.

Rodes K. Myers and Paul Carter for appellee.

CLAY, COMMISSIONER—Affirming.

This is an appeal by the Commonwealth from an order denying it a change of venue in a criminal case. Appellee has filed a motion to dismiss the appeal on the grounds: (1) the bill of exceptions containing testimony heard on the "petition" for a change of venue was not filed with the trial Court in time; and (2) this Court cannot entertain an appeal from an interlocutory order.

Taking up the last question first, it is easily answered by reference to Section 335 of the Criminal Code of Practice. It provides that appeals shall only be taken on final judgments, "except on behalf of the Commonwealth." This exception permits an appeal from such interlocutory orders as adversely affect the interests of the Commonwealth. Since the Commonwealth has the right to request a change of venue, it is obvious that it

would lose this right by an adverse ruling unless it could appeal prior to a submission of the case to the jury on the merits. See Bradley v. Commonwealth, 204 Ky. 635, 265 S. W. 291; Hembree et al. v. Asher Coal Min. Co. et al., 262 Ky. 698, 91 S. W. 2d 66; and Commonwealth v. Cooper et al., 295 Ky. 247, 173 S. W. 2d 128.

Our next question is whether or not the bill of exceptions should be stricken because it was filed in vacation, and the trial Court had not granted the Commonwealth additional time beyond the term in which the order complained of was entered. Section 334 of the Civil Code of Practice, which is applicable by reason of the specific provisions of Section 282 of the Criminal Code of Practice, provides that the Court *may* give time to prepare a bill of exceptions, but not beyond a day in the succeeding term, "to be fixed by the court." Further in this section it is provided "That time may be given to a date in vacation within which the bill of exceptions may be tendered, * * *." It is clear that this section permits the filing of such bill at any time during the term the judgment is rendered, but authorizes additional time only when the Court specifically fixes a later date.

The record shows that the order denying the change of venue was entered on December 15, 1949. The bill of exceptions was not tendered until January 10, 1950. This was after the term and while the Court was in vacation. There was no order entered extending the time beyond the term. It is true that KRS 23.150 authorizes a circuit court judge to make orders in vacation upon reasonable notice. Such orders, however, must be those which the Court is authorized to enter. Since no additional time had been granted beyond the term to file a bill of exceptions, the Court was without authority to accept this bill in vacation or to enter an order approving it. The motion to dismiss will be treated as a motion to strike the bill of exceptions, which includes the transcript of testimony heard on the petition, and must be sustained.

Having disposed of the motion to dismiss, we may finally pass on the merits of this appeal. There is before us only the petition for a change of venue, and the judgment denying it. Since we cannot consider the evidence on the issue presented, we must assume it supported the

judgment, and there is nothing before us which would authorize its reversal.

The motion to dismiss the appeal is overruled; the motion to strike the bill of exceptions is sustained; and the judgment is affirmed.