## Simpson v. Commonwealth.

October 6, 1950.

J. B. Johnson, Judge.

Lay, Hammond & Knuckles and Victor A. Jordan, for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, James A. Inman, Commonwealth Attorney and Sampron B. Kunckles, County Attorney, for appellee.

JUDGE LATIMER—Reversing.

Appellant Roy Simpson, was found guilty of false swearing and his punishment fixed at one year's confinement in the Penitentiary.

For reversal he insists that the instructions were erroneous and prejudicial, in that (1) they authorized conviction upon evidence not proved by Commonwealth, and (2) a portion thereof was in effect an instruction to find defendant guilty.

Prior to the indictment herein, appellant was tried on the charge of assault and battery. Testimony given at that trial forms the basis of the charge in the instant case. It appears that, while a group of men were picketing a building under construction by a Mr. Shirley Treadway in Barbourville, a colored employee by the name of Joe Belew was assaulted; that appellant was charged with that assault and battery; and that upon trial therefor appellant stated he did not kick Joe Belew and was not present when Joe Belew was kicked. Appellant admitted being on a picket line on September 8, 1949, but stated that he was not at the Treadway Building in a picket line or on a picket line after that date.

Upon the trial for false swearing, Mary Gillis, Official Reporter of the Knox Circuit Court, who reported the prior case, testified:

"Q. 8 I will ask you if he stated, in his testimony, whether or not he was present up near the filling station of Archie West at the place where Mr. Treadway was constructing a building, at a time when a colored man by the name of Joe Belew was assaulted and kicked.

A. (Referring to transcript): My record shows that he testified that he wasn't there.

"Q. 9   I will ask you if he stated in the evidence which he gave in his own behalf whether he kicked or assaulted the witness, Joe Belew.   A. He said that he did not.

"Q. 10   I will ask you further if he testified whether he was at the Treadway building at a period of time subsequent to that of September 8, 1949.   A. He testified that he wasn't there after that date, on the picket line.   (Referring to transcript.)

"Q. 11   I will ask you if, in his testimony, he stated whether or not he was there on any occasion at a time when Joe Belew, the colored man, was at the Treadway building near the filling station of Archie West.   A. He testified that he didn't observe a colored man in the employ of Treadway or working around there."

Appellant, testifying in this case, was asked if he was ever there on more than one occasion, that of September 8.   He replied: "No, sir, not on the picket lines.   I might have stopped a few times at Archie's, but not on anything like that."

Sampson B. Knuckles, County Attorney of Knox County, testifying for the Commonwealth, stated:

"Q. 12   I will ask you if he was asked the question with reference to what dates he was there, and if he answered, or made an answer in regard to being at the Treadway building at a time subsequent to September 8th.   A. He said that he was present with the pickets on September 8th; that he was never at this same place again with pickets; that he wasn't there at any time when a colored man was kicked."

With the above testimony in mind, we now direct our attention to the pertinent parts of the instruction, and especially to that part complained of by appellant. The court instructed:

"If the jury shall believe from all the evidence they have heard in the trial of this case, beyond a reasonable doubt, that  *  *  *  the defendant, Roy Simpson,  *  *  *  in a trial then pending in the Knox Circuit Court  *  *  *  wherein the said Roy

Simpson was charged with a public offense, to-wit: that of assault and battery, and that at said trial and after he was sworn, he did depose and give in evidence and state under .oath when he offered himself as. a witness at said trial in said case that he did not kick Joe Belew, a colored man, or that he was not at or near the building Shirley Treadway was constructing at the time said Joe Belew was there and was kicked, or that he was not at the Treadway building on any other date after September 8, 1949; and if the jury shall further believe from the evidence, beyond a reasonable doubt, that when the said Simpson made said statements, if he did make them, or either of them, that he knew all of said statements, or either of them, were wilful, corrupt and false, and in fact and in truth he did kick Joe Belew, a colored man, or that he was present at or near the building Shirley Treadway was constructing at a time Joe Belew was kicked, or the defendant was present at the Treadway building on a later date than September 8, 1949, and that said statements, or either of them, so made by the defendant were false and known by him to be false when he made them, and that he wilfully and knowingly swore falsely in said statements, or either of them, you should find him guilty, as charged in the indictment, and fix his punishment at confinement in the State Penitentiary for not less than one nor more than five years, in your discretion.''

In the above instruction we note that the court instructed the jury to find appellant guilty, if they believed, beyond a reasonable doubt, on the former trial appellant willfully and knowingly swore falsely (1) ''that he did not kick Joe Belew,'' or (2) ''that he was not at or near the building Shirley Treadway was constructing at the time said Joe Belew was there and was kicked,'' or (3) ''that he was not at the Treadway Building on any other date after September 8, 1949,'' or ''either of them.'' It is obvious that in order to convict appellant of perjury it was not necessary to prove that all the statements he made at the former trial were false, and failure so to do would be an immaterial variance. There was. sufficient allegation in the indictment and sufficient proof to convict under (1) and (2) above. However, it cannot escape attention that the jury could have or might have been unconvinced under (1) and (2) above, and by merely believ-

ing that appellant was present at the Treadway Building at any date after September 8th, convicted him. The fact is appellant admitted that he was there after that date but the Commonwealth did not prove that appellant said, on the former trial, he was not at the Treadway Building on any other date after September 8, 1949. The proof was that appellant said he was not at the Treadway Building "on the picket line" or "with a picket line" after September 8, 1949.

But, the court instructed the jury that if it believed, beyond a reasonable doubt, appellant stated that he was not at the Treadway Building on any other date after September 8, 1949, it should find him guilty. The gravamen of the offense is the corrupt falsity of the testimony alleged to have been given. The proof shows one thing. The instruction is based upon something else. The instruction should properly and intelligibly state the law. Mere verbal inaccuracies will not vitiate the instructions. Here, we have not mere verbal inaccuracies but a clear-cut, positive, definite statement that if the jury believes appellant unqualifiedly stated he wasn't there after September 8th, it should find him guilty. The proof showed the appellant was admittedly present after that date, but at the same time showed he stated merely that he was not present as a picket. Since appellant, admittedly, was present after that date, though not as a picket, portion 3 of the instruction above would almost be the equivalent of a directed verdict to find appellant guilty. Instructions must be based upon the evidence. See Hatfield v. Commonwealth, 264 Ky. 721, 95 S.W.2d 562; and Lester v. Commonwealth, 239 Ky. 703, 40 S.W.2d 306.

We think the instructions as given to be prejudicial and misleading in that there was submitted to the jury a proposition on which the appellant might or could have been found guilty, when there was no evidence on which to base the instruction.

The judgment is reversed for proceedings consistent herewith.