## COMMONWEALTH v. BAILEY.

Court of Appeals of Kentucky.
June 12, 1953.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellant.

Francis M. Burke and Dan Jack Combs, Pikeville, for appellee.

STANLEY, Commissioner.

The Commonwealth asks a certification of the law with respect to quashing a search warrant.

In April, 1950, an indictment was returned charging Hiram Bailey, the operator of "The Trockadero Club," with possessing intoxicating liquor for sale in local option territory and stating that it was a third such offense. In September, 1950, a special judge sustained the defendant's motion to quash a search warrant and to suppress evidence obtained thereby. The indictment was not dismissed. In November, 1951, the court, with the regular judge presiding, on motion of the Commonwealth, set aside and vacated the order entered in

September, 1950, quashing the warrant. The case was set for trial and continued from time to time until the March term, 1953. During the course of the trial the court ruled that it had no power to enter the order at the November term, 1951, setting aside the order entered in September, 1950, and, therefore, suppressed evidence based thereon. Without it there was not enough evidence to submit the case to the jury, and the court directed a verdict of acquittal. It appears that there is pending another indictment upon a similar charge against the appellee which will involve the same question.

On the appeal, the Commonwealth's brief is confined to arguing the sufficiency of the affidavit. The affidavit was made by a deputy sheriff and is in every respect like that held to be good and sufficient in Brake v. Commonwealth, 311 Ky. 436, 224 S.W.2d 698, and other cases.

The appellee concedes the sufficiency of the affidavit. He only argues (1) the demurrer to the indictment should have been sustained, and (2) the Commonwealth must have appealed from the ruling made in September, 1950, within sixty days thereafter, failing which, this appeal must be dismissed. The Commonwealth's Attorney had saved the point at the time and had been granted an appeal by the circuit court but did not perfect it.

The ruling on the demurrer is not before us and, of course, we express no opinion concerning it.

Section 335, Criminal Code Prac., authorizes an appeal by the Commonwealth from a decision of the circuit court even though it may not be a final judgment, and section 337 provides that if such an appeal be desired, it shall be prayed during the term and have the approval of the Attorney General, and that the transcript be lodged in the office of the Clerk of the Court of Appeals within sixty days after the decision. But the present appeal is not from the order entered in September, 1950, quashing the search warrant. It is from the decision entered on March 10, 1953, which was in effect that the November, 1951, order setting aside the quashing of the search warrant at a previous term was void for want of power.

The quashing of the search warrant originally was an interlocutory order. It was preliminary for the express purpose of suppressing or excluding evidence which would have otherwise been introduced on the trial. Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; 24 C.J.S., Criminal Law, § 1644. The order being adverse to the Commonwealth, its prosecuting officers had the right to appeal from it even though the order was interlocutory. Sec. 335, Criminal Code; Commonwealth v. House, 245 Ky. 32, 53 S.W.2d 188. But we do not interpret the Code provision as requiring that they do so or be barred from later challenging its propriety in the circuit court. Until the rendition of the final judgment and while jurisdiction is retained over a case, an interlocutory judgment remains within the control of the court and it has inherent power to modify or vacate it although the order was made at a previous term. Wilcoxen v. Farmers' National Bank, 225 Ky. 764, 10 S.W.2d 298; 60 C.J.S., Motions and Orders, § 62(b) (c), (3). The mere fact that the Commonwealth's Attorney prayed and was granted an appeal from the original order did not deprive the circuit court of jurisdiction when the record had not been filed in the Court of Appeals. Commonwealth v. Neal, 223 Ky. 665, 4 S.W.2d 685.

We are, therefore, of the opinion that the decision that the order vacating the quashing of the search warrant was void is erroneous, and that it was not only within the power of the court to enter the November, 1951, order, but that such order was proper since the affidavit for the search warrant was sufficient.

The law is so certified.