COMMONWEALTH of Kentucky, Appellant,

v.

Herman Castle HOWARD, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1955.

As Modified on Denial of Rehearing
March 16, 1956.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., A. Scott Hamilton, Commonwealth's Atty., Louisville, for appellant.

James M. Chrisovergis, Frank E. Haddad, Jr., Louisville, for appellee.

WADDILL, Commissioner.

This appeal is prosecuted pursuant to Section 335 of our Criminal Code of Practice. The Commonwealth asks a certification of the law with respect to an order entered by the trial court suppressing certain evidence the Commonwealth seeks to introduce upon the trial of Herman Castle Howard for the crime of armed robbery.

Howard was indicted by the Jefferson County Grand Jury for armed robbery. Upon arraignment, and following his plea of not guilty, Howard's counsel entered a motion that evidence concerning Howard's escape and flight from the robbery, and evidence of other offenses committed by Howard while in flight, which included the fatal shooting of a police officer in Old-

ham County, be suppressed from the consideration of the jury. After the court indicated its intention to allow such evidence to be heard by the jury, Howard withdrew his plea of not guilty, and entered a plea of guilty. The court then entered an order, sua sponte, suppressing all evidence relating to Howard's escape from the robbery and subsequent offenses committed by him while in flight.

In support of the suppression order, the court stated in a written opinion that since Howard had entered a plea of guilty, the necessity for proof of Howard's guilt was out of the case because the question of his guilt or innocence had ceased to be an issue; that to allow the introduction of evidence showing Howard killed a police officer while in flight from the armed robbery would be prejudicial to him in that it would tend to influence the jury to punish him for a separate offense for which he was previously tried and convicted.

■ Our armed robbery statute provides different degrees of punishment for such crimes. It is obvious that the lawmakers recognized that the motives and intentions of men differ widely, and that the facts and circumstances in each case are never the same. It is also apparent that our legislature provided the different degrees of punishment in order to fit the different circumstances in each case. A plea of guilty does not prevent, or render unnecessary, the proof of all pertinent facts and circumstances that will aid the jury in assessing a proper penalty. We have frequently held that, following a plea of guilty, the Commonwealth may introduce evidence to increase the punishment to be inflicted, and the defendant may produce evidence in an effort to mitigate the punishment. Tarrence v. Commonwealth, Ky., 265 S.W.2d 52; Clift v. Commonwealth, 268 Ky. 573, 105 S.W.2d 557; Houston v. Commonwealth, 270 Ky. 125, 109 S.W.2d 45; Williams v. Commonwealth, 80 S.W. 173, 25 Ky.Law Rep. 2041; Mounts v. Commonwealth, 89 Ky. 274, 12 S.W. 311, 11 Ky. Law Rep. 474; Cornelison v. Commonwealth, 84 Ky. 583, 2 S.W. 235, 8 Ky.Law Rep. 793. Therefore, the only question

confronting us is whether or not the evidence sought to be introduced on behalf of the Commonwealth is admissible under the same rules of evidence as if there had been a plea of not guilty.

■ Ordinarily, in the prosecution of a defendant for one crime, evidence of another crime may not be introduced. Romes v. Commonwealth, 164 Ky. 334, 175 S.W. 669; Clary v. Commonwealth, 163 Ky. 48, 173 S.W. 171; Roberson's Criminal Law, Second Edition, Section 1793; 22 C.J.S., Criminal Law, § 682. However, there are exceptions to this general rule, one of which is applicable in this case, and that is where a person, after the commission of a crime, flees from the scene, and either evades or actively resists arrest. In such a case all facts and circumstances showing the evasion or resistance of arrest, even though they disclose the commission of another crime, are competent upon a trial of the defendant for the first offense. McPeak v. Commonwealth, 308 Ky. 29, 213 S. W.2d 447; Farina v. Commonwealth, 212 Ky. 303, 278 S.W. 1097; Fallis v. Commonwealth, 197 Ky. 313, 247 S.W. 22; Basham v. Commonwealth, 87 Ky. 440, 9 S.W. 284; United States v. Dalhover, 7 Cir., 96 F.2d 355; Wigmore on Evidence, Volume II, Section 276; Wharton's Criminal Evidence, Volume I, Section 359; Roberson's Criminal Law, Sections 1823, 1825.

■ We hold therefore that all the pertinent facts and circumstances with respect to the armed robbery, the flight and pursuit, the attempted capture of Howard in Oldham County, the killing of the police officer, and the attempted escape of Howard while in custody, were competent not only to establish guilt if it had been denied, but to be considered by the jury in fixing the punishment. Too, his confession, if otherwise admissible, may be used for the same purpose. It may be true that this evidence would establish other specific crimes which cannot therefore be considered as substantive testimony, yet such acts and conduct of Howard while evading and resisting arrest are competent as showing his state of mind, consciousness of guilt and the mo-

tive actuating him at the time of the commision of the armed robbery. Roberson's Criminal Law, Section 1825; Wharton's Criminal Evidence, Volume I, Section 359. In the event Howard's counsel specially requests an admonition be given the jury concerning the purpose for which such evidence may be considered, the giving of such an admonition would be proper. See, Keller v. Commonwealth, 230 Ky. 815, 20 S.W.2d 998.

■ Counsel for Howard raises a question concerning the Commonwealth's right to prosecute this appeal. Section 335 of our Criminal Code authorizes an appeal on behalf of the Commonwealth from a decision of the circuit court even though it may not be a final judgment. Commonwealth v. Bailey, Ky., 259 S.W.2d 49. The order entered by the circuit court was an interlocutory order adverse to the Commonwealth. It is now well settled that the Commonwealth may prosecute an appeal from such an order to have the law certified. Commonwealth v. Martin, Ky., 280 S.W.2d 501; Commonwealth v. Bailey, Ky., 259 S.W.2d 49; Commonwealth v. Bushong, 312 Ky. 565, 228 S.W.2d 459; Commonwealth v. Anderson, 169 Ky. 372, 183 S.W. 898.

The law is so certified.