**Lola Mae SHANNON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 27, 1970.

David L. Van Zant, Huddleston & Van Zant, Elizabethtown, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was prosecuted on the charge of murder and, upon being found guilty of voluntary manslaughter, was sentenced to four years in the penitentiary. She contends she was entitled to a directed verdict, but we reverse on the alternative ground that the instruction under which she was convicted was erroneous.

Early one Sunday morning at a small dance hall near Elizabethtown a young girl (age 13) while dancing, was shot in the head and killed. At the time appellant was seated at a table a short distance away with another woman, and a man known as "Big John". The Commonwealth under-

took to make its case on the testimony of two witnesses who were present. The substance of their testimony was this: About 10 or 15 minutes before the shot was fired, appellant was seen to take something out of her purse and put her coat over it. The object was not identified. Out of the corner of his eye one witness observed a gun flash "from over where" appellant was sitting. This witness would not say that appellant fired a shot. The other witness was dancing and had her back to the table occupied by appellant. She said the pistol flash came from the direction where appellant was sitting. She stated that appellant fired the pistol but admitted she did not see her do it.

No motive for the shooting was shown. As before mentioned, two other people were at or near the table occupied by appellant. Big John was the only one identified as having a pistol, although there was evidence that appellant, shortly after the shooting, had handed some object to another person.

The jury by verdict found plaintiff guilty of *voluntary* manslaughter. It had been instructed that such finding could be made if it believed, among other things, that defendant fired the pistol (if she did) "in sudden affray or in sudden heat and passion, upon provocation reasonably calculated to incite her passion beyond the power of her control, * * *." There was not a line of evidence that the shooting involved took place under those circumstances. This permitted conviction on a theory not sustained by the evidence, which we condemned in Roberts v. Commonwealth, Ky., 339 S.W.2d 640 (1960). Instructions of a similar kind were held prejudicial and constituted reversible error in Chappell v. Commonwealth, 200 Ky. 429, 255 S.W. 90 (1923), Simpson v. Commonwealth, 313 Ky. 599, 233 S.W. 118 (1950), Montague v. Commonwealth, Ky., 332 S.W.2d 543 (1960), and in innumerable other cases. (We may observe in passing that this instruction also appears erroneous because it

included an offense of *involuntary* manslaughter.)

The judgment is reversed.

EDWARD P. HILL, Jr., C. J., dissents.

MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.