**Lyndon C. BUSH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 27, 1987.

Michael T. Palermo, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Elizabeth A. Myerscough, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, C.J., and COMBS and HAYES, JJ.

HOWERTON, Chief Judge.

Lyndon C. Bush appeals from a judgment of the Fayette Circuit Court which sentenced him to 10 years' imprisonment for first-degree robbery. The evidence at trial revealed that on April 8, 1986, Bush entered a convenience store in Lexington, Kentucky, purchased a few items, and then left. Shortly thereafter, Bush reentered the store, pointed a pistol at the clerk, and stated "I hate to do this, but this is an armed robbery." Two cashiers and a customer testified concerning the robbery incident. All three selected Bush from a photograph lineup. A police officer testified that he tracked Bush to a house where Bush had barricaded himself. Bush claimed that he had a hostage, and threatened to shoot himself with a shotgun. The police department's emergency response unit was summoned and, after two-and-one-half hours, Bush surrendered peacefully. The evidence concerning Bush's arrest was admitted over his objection. Bush appeals.

▪ Bush argues that the circuit court erred in admitting evidence concerning his arrest because evidence of other crimes are inadmissible to prove a general disposition to criminal activity. Evidence of other crimes may be admitted to establish identity, guilty knowledge, intent, or motive. *Arnett v. Commonwealth*, Ky., 470 S.W.2d 834 (1971). However, in the present case, none of the exceptions to the "other crimes" rule are present. Accordingly, Bush alleges the court committed reversible error in allowing the evidence to be admitted.

▪ We disagree. Evidence of other crimes is not admissible, absent an exception to the rule. However, evidence of flight and resistance of arrest is admissible to show a guilty conscience. In *Fallis v. Commonwealth*, 197 Ky. 313, 247 S.W. 22 (1923), the defendant shot two policemen in an attempt to release his son from custody. Thereafter, the defendant barricaded himself in his home and wounded two more officers in an attempt to resist arrest. The defendant escaped and fled the area for two days before finally surrendering himself to authorities. In addressing the admissibility of this evidence, the opinion reads:

There is another rule of evidence which ... makes such evidence competent in

this case, and that is where one after the commission of a crime flees from a place, and either evades or actively resists arrest, all facts and circumstances showing the evasion or resistance of arrest even though they disclose the commission of another crime, are competent against him upon a trial for the first offense. The sound reason for this is that the fact of evading arrest, and a fortiori, the fact of resisting arrest, not only are competent to show the consciousness of guilt by the defendant himself, but his acts and conduct while so evading or resisting arrest are competent as showing his state of mind and the motive actuating him at the time of the commission of the first offense.

*Fallis,* at 317, 247 S.W. 22. Also, in *Commonwealth v. Howard,* Ky., 287 S.W.2d 926, 927 (1956), the court wrote that evidence of escape, flight, and resisting arrest was competent "not only to establish guilt if it had been denied, but to be considered by the jury in fixing the punishment." In the present case, Bush's resistance of arrest was properly admitted into trial to show evidence of a guilty conscience. Accordingly, we find no error on the part of the trial in admitting such evidence and affirm the decision of the Fayette Circuit Court.

All concur.