### Nance v. The Patterson Building Co.

(Decided November 11, 1910.)

## Appeal from Campbell Circuit Court.

1. Contracts—Building House—Trivial Departures—Question for Jury.—Appellee contracted to build appellant a house after a certain model. In order to recover the price agreed on, appellee must have tendered the structure agreed on. Trivial departures in executing the work, would not have excused appellant from accepting it. And when the evidence is such as to leave it in doubt or to be determined from conflicting evidence whether the performance of the contract was substantial, and whether any departure was material, or merely trivial and inconsequential, is for the jury, who determines the fact by the standard of their common sense and experience.

2. Same.—Neither the jury nor the court are at liberty to make a contract for the parties, or to alter the one already made. The structure agreed on must be finished as it was agreed to be.

3. Material Change—Substantial Compliance—Definition.—"Material change" and "substantial compliance" with the contract where the matter is not so marked as to not admit of dispute, is best

left to the jury without further definition of the terms. They are not legal terms, but are expressions of such common use as to further define them is more apt to confuse than to aid the jury.

CORA MAUD NANCE for appellant.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellee contracted with appellant to build her a house on a lot in Dayton, Ky., owned by the former, and to sell the property to her completed for $2,800, $100 of which she paid in advance and the balance was to be paid in installments. The house was to be a duplicate of a certain house in Newport, Ky., named in the contract. The house was to be completed and possession delivered by the first of December, 1907. It was not completed until some time in January, 1908, and then some parts were not completed, especially certain concrete walks. Appellee tendered appellant the property about January 8, 1908, but she declined to receive it, and demanded that her money be refunded. Appellee refused to refund the money, and sold the property for $2,850. Appellant then brought this suit against appellee to recover the money she had paid, and the difference between the contract price and the fair market value of the property if the place had been built as provided in the contract. The suit was for the breach of contract, and for the damages named.

The result of the trial was a verdict for appellee.

The evidence shows, without dispute, that the house was not completed by the date named in the contract; that the foundation of the house was different from the one taken as a pattern; that the arrangement of the openings, the doors and windows, was different also; that the cement construction in the cellar was deficient, faulty, and inferior to that of the pattern house; that the new house was not provided with suitable sewer or drainage pipes so as to carry off the waste water, etc., from the bath room and sinks; that the new place had a vault built in the back yard near the house as a cess-pool which overflowed. The foul water found its way into the cellar and through the cellar, running a more or less constant stream through the cellar; that some of the concrete work in the cellar and a passage or tunnel to the street was cracked because of faulty material and workmanship; that a stair-

way in the front hall was 5 1-2 inches narrower than in the Newport house. There were other particulars in which it was alleged by the plaintiff that the house was materially different, but upon these there was a conflict in the proof; also there was proof that the plaintiff had consented to those changes. But upon the uncontradicted evidence there is no doubt that the house was materially different from the one in Newport. The circuit court should therefore have instructed the jury to find for the plaintiff the sum of $100 and such sum in addition as represented the difference between the contract price and the market value of the property if the house had been completed as required by the contract, not less than $50 however. Appellee had sold the property for $50 more than the contract price. It will not be heard to say that it was not worth at least that much more than the contract price. When the property was not finished and tendered to the plaintiff as the contract provided, she was not bound to accept it. But, for the defendant's breach of the contract, she was entitled to recover her money paid, and the value of her contract as indicated.

The court instructed the jury that if the house was built substantially as provided in the contract, that was a sufficient performance. Which is true. But the case did not authorize that instruction. It is shown by the evidence, as stated, without contradiction that it was not built substantially as provided in the contract. There were material and radical differences between the two houses. Although the pleadings make an issue, unless the evidence also tends to support each side of the issue, the instruction should be regulated by the evidence, as where the evidence is all on one side, there should be a peremptory instruction upon that issue in accordance with the evidence. It is true that appellee undertook to explain the defective conditions shown to exist by saying that the concrete was put down in frosty weather, and was thereby caused to crumble and crack. But that is not material. Appellant did not undertake to bear the consequences of misadventure in the work. Appellee undertook to build the house a duplicate of the other. If one mishap or another made it materially different, the loss is appellee's, not appellant's. As a matter of law, it is a substantial failure if the foundation of a house cracks so as to leak, and crumble, immediately after its completion, whereas if it had been properly constructed it would have done neither.

As defining the phrase "substantial compliance" the court told the jury:

"Substantial compliance and performance as used in instructions one and two permit only such omissions or deviations from the contract as are inadvertent or unintentional, are not due to bad faith, do not impair the structure as a whole, are remedial without doing material damages to other parts of the building in tearing down and reconstructing, and may without injustice be compensated for by deduction from the contract price."

That instruction was doubtless based upon Leeds v. Little, 44 N. W., 307, 42 Minn. 414, and Elliott v. Caldwell, Ibid. It may be a fair application by the court of the meaning of the phrase in a particular case. But the expression "substantial compliance," as the one "material difference" is scarcely susceptible of further definition. The words are of common use and generally understood. It is not true that a radical departure from the contract would be excusable if it were unintentional. It might be true that the owner of a lot who contracts with another to build a house on the former's lot, would not be allowed to retain the house without paying for it, or to require the builder to tear it down and rebuild, where the defect was one remedial by repair and did not impair the stability of the structure. In such a case the owner would doubtless be compensated by deduction from the contract price. But that is not this case, and the rule there announced can not be applied to this case. Appellee agreed to sell appellant property to be improved by a certain kind of structure. To recover the purchase price from her it must have tendered the structure as agreed. Trivial departures in executing the work would not have excused appellant from accepting. And where the evidence is such as to leave it in doubt, or to be determined from conflicting evidence whether the performance of the contract was substantial, and whether any departure was material or merely trivial and inconsequential, is for the jury, who determine the fact by the standard of their own common sense and experience. It must always be borne in mind that neither the jury nor the court are at liberty to make a contract for the parties, or to alter the one already made. Therefore, although the jury or the court may think that the house as built is equivalent in value or utility to the one contracted for, they are not at liberty to suffer the substitution on that score. The structure contracted for

must be finished as it was agreed to be. The question is, is it the structure agreed to be furnished, allowing only for immaterial deviations, such as neither change the plan, materials or general character of the workmanship. It is not wholly whether the change affects the value, but whether it changes the thing. After all "material change" and "substantial compliance" where the matter is not so marked as to not admit of dispute, is best left to the jury without further definition of the terms. They are not legal terms like negligence, malice, felonious, and so forth, but are expressions of such common use as that to undertake to further define them is more apt to confuse than aid the jury.

The verdict in this case was, furthermore, flagrantly against the weight of the evidence.

Reversed, and remanded for a new trial under proceedings not inconsistent herewith.