## Speith et al. v. Helm et al.

Jan. 29, 1946.

452

David R. Castleman for appellants.

James P. Helm, Jr., for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

This was an action for damages for breach of contract for dwelling construction. Appellees recovered against appellants, who are building contractors, a judgment for $500, a reversal of which is sought on this appeal.

This is the second appeal of this case, the first having terminated in this court's opinion in the case of Helm v. Speith, 298 Ky. 225, 182 S. W. 2d 635. In that opinion the fundamental facts, as they were accrued in evidence up to that time, were stated and will not now be repeated.

On this appeal, the appellants contend that (1) they were entitled to a directed verdict at the conclusion of all the evidence because such evidence proved that (a) they complied with the contract's specifications and that (b) no damage accrued to appellees if the proper measure of damage were applied, and appellants further contend that (2) the verdict is contrary to the law and the court's instructions.

The evidence on the trial established the terms and provisions of Federal Housing Administration specifications for dwellings, and such specifications are part and parcel of the contract in question, as we have already held in the other opinion in this case, cited above. Those specifications, set out at length in the other opinion, required the basement of appellees' house to be waterproofed and dampproofed by appellant contractors only if water conditions so necessitated. But FHA agents and authorities surveyed and considered the particular area in question and thereafter concluded that waterproofing and dampproofing measures were not necessary for appellees' home and basement. FHA agents and authorities demanded no such measures in this particular case. Appellant contractors met and complied with such measures, which did not include waterproofing and dampproofing measures, as FHA agents and authorities actually demanded for appellees' home. These FHA agents and authorities appear to have fallen into substantial errors of judgment as to the necessity of waterproofing measures. Water conditions of serious nature must have been present, because the water itself, ten inches deep, did creep into appellees' basement on several occasions after the home was completed.

The question now arising is whether the specification performance for a waterproof basement had to be done according to the opinion of FHA as to existing necessity; or done according to the realities of the situation as they later developed into a manifest necessity after the dwelling was built and turned over to appellees.

The FHA agents in testifying for appellant contractors readily admitted they would have required waterproofing measures to have been taken by such contractors in the construction of appellees' basement had they known water conditions to exist at that locality as they later became apparent during a wet season. In

other words, had the true situation been known, appellees would have received a dry basement at the insistence of FHA personnel following inspection.

We find nothing in the specifications booklet, called "Minimum Construction Requirements for New Dwellings" and issued by FHA, which by word or implication binds the home purchaser to accept the erroneous judgment reached by FHA to the detriment of the home purchaser.

This was a contract between appellees and appellants in which FHA had no part except to furnish a pattern or standard. That pattern or standard was a conditional proposition in some particulars, for example, the particular relating to basement construction. Such condition was based on the sole question of necessity. The question that confronted appellant contractors was whether waterproofing measures were necessary or not necessary. The contract does not say FHA is the sole judge of the necessity. We think the implication is that the realities of the situation must, in the end, govern necessity. These water conditions should have been known, or should have been learned, both by appellant contractors and FHA because such water conditions were long in duration and substantial in nature, according to some of the evidence in the case.

Part of the evidence for appellant contractors indicates there were additional FHA specifications besides the booklet mentioned above, a skeleton or simplified form, that governed the construction of this home. This skeleton form, called "Description of Materials," was silent or blank as to waterproofing requirements. The skeleton form was addressed to Louisville Title Mortgage Company and was signed only by the appellant contractors. It was never seen by appellees. The appellees relied upon the booklet and we have already ruled, and we think correctly so, that the specifications of the booklet constituted the standard or pattern of the agreement between appellants and appellees.

Because the booklet required waterproofing measures if necessary and because the evidence shows waterproofing was not done by appellant contractors although clearly proven necessary, not by FHA inspection, but by eight visitations of water in appellees' basement, ten inches deep on some occasions, we think the trial court

correctly overruled appellant contractors' motion for a directed verdict at the conclusion of all the evidence.

Appellants admit the court gave a correct instruction on measure of damage, namely, the difference, if any, between the value of the building as constructed and what that value would have been had the construction been done according to contract. But the appellants say there was no actual damage because appellees' property was salable, at all times after its acquirement, for more money than appellees' outlay of total cost. In other words, appellees were beneficiaries of the inflationary spiral of prices and therefore appellants, as they contend, should not have to pay anything in damages. We are unable to agree with that view. If property values went up and benefitted appellees, obviously such benefit would have been still greater had appellants given appellees a dry basement according to contract. The measure of damages contained in the trial court's instruction was correct and free from error according to our view of the existing law as it applied to this case.

The appellants lastly contend that the verdict of the jury was contrary to the law and the trial court's instructions. They insist the jury did not follow Instruction No. 4. This Instruction No. 4, in brief substance, told the jury to find a verdict for the appellees, plaintiffs at the trial, in the event they found water conditions to exist around appellees' basement at the time of completion of the foundation walls and believed that the appellants failed to comply with the waterproofing precautions, as required by the FHA printed booklet, in such a way as to overcome those water conditions. Appellants argue that the evidence all shows that there were no water conditions present when appellees' house was completed or during its construction period in the summer of 1941, and that accordingly the jury's verdict for appellees was contrary to Instruction No. 4. We think appellants' interpretation relating to the existence of water conditions was too narrow for practical purposes. The existence of water conditions could reasonably be construed to mean a latent situation. If the instruction referred to a latent situation, then the jury's verdict was certainly consistent with the instruction given. Where an instruction, taken as a whole, fairly and properly expresses the law applicable to the case, no just ground for complaint exists, even though

an isolated or detached clause or expression is in itself inaccurate or incomplete. Hartsfield v. Pace, 189 Ky. 93, 224 S. W. 647. It may be Instruction No. 4 was somewhat inaccurate or incomplete because it did not specifically refer to a latent condition, but we do not believe the jury's verdict should be condemned or considered inharmonious with that instruction on the basis of the possible incompletion of the instruction. We do not feel that we can condemn the instruction nor the verdict rendered thereon. We cannot say the jury's verdict is contrary to the meaning of Instruction No. 4 or to the law incorporated by it if we give a reasonable rather than a narrow interpretation to such instruction.

On consideration of all the contentions presented by appellants on this appeal, we have not found reversible error among them to the prejudice of the substantial rights of the complaining parties.

Judgment affirmed.