Bernard **ALVEY** et al., Doing Business As Alvey Brothers Lumber Company,
Appellants,

v.

Olin W. **KERN** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 2, 1962.

Rehearing Denied March 26, 1962.

John W. Beard, Humphreys, Jones, Beard & Rummage, Owensboro, for appellants.

Wells T. Lovett, Thacker, Sweeney & Lovett, Owensboro, for appellees.

MONTGOMERY, Judge.

Bernard and Robert I. Alvey, doing business as Alvey Brothers Lumber Company, appeal from a judgment in the sum of $6,468.21 in favor of Olin W. Kern and his wife, Mary. The Kerns had sued for recovery of damages under a written contract. The Alveys recovered $168.21 on a counterclaim, from which there is no appeal.

In April 1957, appellants entered into a written agreement with the appellees for construction of a dwelling house in Owensboro. The contract price for the lot and completed house was $24,400. Appellees took possession on September 17, 1957.

On December 27, 1957, appellees sued appellants to recover $8,400 for a failure to perform the contract to construct the building in a good and workmanlike manner according to the plans and specifications. Appellees claimed to have proved nine instances of such failure.

Appellants contend that: (1) Their motion to make the complaint more definite and certain should have been sustained; (2) they were forced into trial without time for adequate preparation; (3) the trial court erred in admitting and rejecting evidence; (4) the damages are excessive and there was no competent evidence by which to measure the damages and to support the verdict; and (5) the verdict was the result of passion and prejudice.

Appellants moved for a definite statement by appellees as to particular violations of the contract claimed. CR 12.05. They contend that they were unable to frame a responsive pleading because of the vagueness of the complaint. After the motion was overruled, appellants filed an answer and counterclaim, the substance of which was a denial of any violation of the contract and an allegation of proper performance.

The purpose of the motion for a more definite statement is to enable a party to frame a responsive pleading. When the party cannot reasonably determine the true nature of the claim or defense, the motion should be granted. The matter rests largely in the discretion of the trial court to construe the rule to accomplish substantial justice. Clay, CR 12.05.

In considering the correctness of the trial court's ruling, it is pertinent to recall that appellants took the deposition of Olin W. Kern by way of discovery. The

information sought to be obtained by the motion was disclosed in this deposition. Inasmuch as no further pleading was filed by appellants after the deposition was taken, it must be considered that appellants had determined that they had enough information for the purpose of their pleading. Hence, the error in the ruling, if any, was harmless.

■ The same conclusion is reached as to appellants' contention that they were forced into trial without time for adequate preparation. On March 24, over appellants' protest, the case was set for trial on April 17, approximately three and one-half months after the complaint had been filed. No motion for a continuance was made. They complained that they were unable to take the deposition of Kern's wife by way of discovery. Because of illness, her deposition was not taken when Kern's deposition was taken. However, it was taken and filed immediately before trial. Considering the similarity of their testimony so given and the failure of appellants to show any inability to prepare for the trial attributable to the early trial date, there is no error.

■ Appellants urge that the trial court erroneously permitted appellees' counsel to ask leading questions concerning the amount of damages. The discretion of a trial court in allowing leading questions is not reviewable except in a plain case of abuse. Foutz v. Hacker, 200 Ky. 233, 254 S.W. 744. The dereliction is not considered sufficient to constitute the denial of a fair trial.

■ Complaint is also made that appellants should have been permitted to introduce testimony concerning the type of louvers used in the construction of another house. This contention is founded on the following handwritten statement under the heading "Miscellaneous" appearing at the end of the contract, to-wit: "This house to be built as near as possible the same as house of Charles Daniels." By avowal, appellants offered to show that the louvers which were installed and about which appellees complained were the same size and shape as were installed in the Daniels house. They did not conform, however, to the specifications of the contract.

Appellees insist that the Charles Daniels house reference was to the quality and workmanship rather than to any specification or specifications. The reference is ambiguous. To sustain the contention of appellants, they would have been permitted to show any or all of the specifications of the Daniels house, which does not seem to be what the parties could have intended and which would have rendered unnecessary and useless the many specifications set forth in the plans and contract. The trial court was correct in denying evidence with reference to the Daniels louvers.

■ Lastly, appellants contend that there was no competent evidence on which to measure and support the verdict and that the damages awarded were excessive and the result of passion and prejudice. The trial court instructed the jury that if the defendants failed or refused to perform the contract substantially according to the plans and specifications and in a good and workmanlike manner they should find for the plaintiffs in the amount of the difference, if any, between the value of the building as constructed and what it would have been if it had been constructed according to the contract. The court properly instructed the jury. Totten v. Stewart, Ky., 286 S.W. 2d 539; Speith v. Helm, 301 Ky. 451, 192 S.W.2d 376; Nance v. Patterson Building Company, 140 Ky. 564, 131 S.W. 484, 140 Am.St.Rep. 398. Appellants do not complain of the instruction.

■ Kern testified concerning the nature of the defects. He introduced three building contractors, a real estate man, a lumber man, and the man who did the grading in his yard, all of whom testified in corroboration. The evidence showed that the actual construction differed from

the plans and specifications or failed to meet the standard of workmanship therein required in regard to a footer or foundation for the basement walls, the pouring of the basement walls, supporting columns and footers, the base for the chimney, fireplace, and hearth, the stone veneer front of the fireplace, the louvers already mentioned, certain walls, the ceramic tile in the bathrooms, and the floors. Several of the defects were not repairable and amounted to a substantial failure to follow the plans and specifications. Upon joint motion of the parties, the jury was permitted to view the premises. Kern testified that the damages amounted to $8,400. Robert Richeson, a builder, testified to the same amount of damages. Under this proof and the instruction given, the jury was justified in awarding appellees damages in the net sum of $6,300. There is nothing in the record to justify any conclusion that the verdict was the result of passion and prejudice.

Judgment affirmed.