**Patrick HOWARD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

July 7, 1981.

Jack Farley, Public Advocate, Erwin W. Lewis, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Appellate Patrick Howard was tried by a jury, found guilty of the murder of Harold Baker in violation of KRS 507.020, and sentenced to twenty years in prison. Patrick appeals to this court as a matter of right. We reverse.

On December 2, 1979, police found Harold Baker's bullet-riddled automobile abandoned on a back road in Bell County. The body of Harold Baker was found in the woods about 75 feet away from the car. The victim had been shot numerous times in the head and chest, and had been partially buried under leaves and pine needles.

It was the Commonwealth's theory that Patrick and his brother, Wayne Howard, robbed Baker of several hundred dollars, and then shot him. There were no eyewitnesses to the killing, and physical and circumstantial evidence was offered to connect Patrick to the offenses. Patrick was indicted with his brother, Wayne, for having murdered Harold Baker by shooting him, but prior to trial the trial court ordered that the appellant and his brother receive separate trials. Though the evidence against Patrick was not overwhelming, it was sufficient for a reasonable jury to find him guilty. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977).

This court must reverse Patrick's conviction for murder, however, because the murder instruction given to the jury by the trial court, viewed in its entirety, substantially prejudiced Patrick's right to a fair trial.

Patrick was indicted for (1) murder and (2) being a persistent felony offender. Over Patrick's objection, the following instructions were given to the jury:

*INSTRUCTION NO. A*

You will find the defendant guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(a) That in this county, on or about December 1st or 2nd, 1979, and before the finding of the indictment herein, he voluntarily participated in a robbery of Harold Baker;

(b) That during the course of that robbery, and as a consequence thereof, Harold Baker was intentionally shot and killed.

[If you find the defendant guilty under this instruction, you shall say in your verdict only that you find him guilty, and return the verdict to the Court without deliberating on the question of fixing the punishment.]

*INSTRUCTION NO. B*

(a) "Intentionally"—A defendant acts intentionally with respect to another's death when it is his conscious objective to cause that death.

Instructions must be based upon the evidence and they must properly and intelligibly state the law. *Simpson v. Commonwealth*, 313 Ky. 599, 233 S.W.2d 118, 120 (1950). Their function is "only to state what the jury must believe from the evidence . . . in order to return a verdict in favor of the party who bears the burden of proof." *Webster v. Commonwealth*, Ky., 508 S.W.2d 33, 36 (1974).

The instruction given in the instant case is very similar to the model instruction found at Sec. 2.04 of 1 Palmore and Lawson, *Instructions to Juries in Kentucky*. Significant modifications of the model instruction were made by adding the word "intentionally" in paragraph (b) and by deleting paragraph (c), which if it had been included would have allowed the jury to find Patrick guilty of the murder of Baker if the jury had believed that by participating in the robbery Patrick " . . . was wantonly engaging in conduct which created a grave risk of death to another and that he thereby caused (Baker's) death under circumstances manifesting an extreme indifference to human life." (The addition of the definition of "intentionally" to the instructions given in this case under the heading "*Instruction No. B*" is not of itself sufficient to indicate to a jury that Patrick's intentional act is being referred to rather than the intentional act of another participant in the robbery.

Where the jury may find from the evidence presented that a participant in a crime other than the defendant killed the victim, an instruction such as the one found at 1 Palmore and Lawson, *supra*, Sec. 2.04(c) must be included to convict the defendant of murder. If the evidence is consistent with a theory that the defendant intentionally killed the victim, an instruction on intentional murder should be given. As written, the instructions given in this case allowed the jury to find Patrick guilty of the murder of Harold Baker so long as the jury believed that Patrick robbed Baker and that during the robbery, and while Patrick was present, a third party intentionally

killed Baker. The jury need not have made any finding at all regarding the existence of any culpable mental state on Patrick's part, whether intentional or wanton, when the killing occurred. Because of this deficiency, the instructions are so defective as to require reversal of the judgment convicting Patrick of murder. See KRS 507.020 and 1 Palmore and Lawson, *supra*, Sec. 2.04 and Comment; see also Sec. 2.00.

Because we reverse the conviction for the reasons stated herein, we need not reach Patrick's other contentions of error.

The judgment is reversed and the cause is remanded to the Bell Circuit Court for further proceedings consistent with this opinion.

All concur.