■ RUTH CWICK, Individually and as Administratrix of the Estate of EDWARD W. CWICK, Deceased, Appellant, v GREAT LAKES DREDGE & DOCK COMPANY et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court for new trial, in accordance with the following memorandum: Plaintiff's intestate, a commercial diver, died on the bottom of Lake Ontario while doing underwater work on a sewer pipe. The pipe serviced a lakeshore sewage treatment plant designed by defendant Black & Veatch and built by the other defendants, referred to as "the Joint Venture". The verdict in favor of the Joint Venture dismissing plaintiff's cause of action for violation of the Jones Act (see, 46 USC, Appendix § 688) must be reversed and a new trial granted because the court erred in its charge on proximate cause.

The court charged different theories of liability on the different causes of action, but rendered only one charge on proximate cause which was appropriate for common-law negligence, i.e., seaworthiness. The court did not charge the appropriate language for Jones Act liability. A plaintiff's burden in proving causal negligence under the Jones Act is considerably less than that required to prove ordinary negligence. An employer will be held liable under the Jones Act if his "negligence played any part even the slightest, in producing the injury or death for which damages are sought" (Rogers v Missouri Pac. R. R. Co., 352 US 500, 506). Each party requested the court to charge that language but the court denied each request and charged that any negligent act is a proximate cause if a defendant's conduct is a "substantial factor" in bringing about the harm (see, PJI 2:70). That charge is appropriate for ordinary negligence but not for Jones Act liability. The jury's misapprehension of that central distinction most likely affected the verdict on the Jones Act cause of action because the foreman, in explaining the verdict, stated that although the jury found the Joint Venture negligent it did not find the negligence to be a "direct cause" of Mr. Cwick's death. Accordingly, the court's failure to explain the distinction between proximate cause for ordinary negligence and Jones Act liability denied plaintiff a fair trial against the Joint Venture and requires reversal and a new trial (see, DeLima v Trinidad Corp., 302 F2d 585, 587-588 [2d Cir]; Runfola v Bryant, 127 AD2d 972; cf., Farnarjian v American Export Isbrandtsen Lines, 474 F2d 361, 364 [2d Cir]). We have considered plaintiff's remaining contentions and find them lacking in merit. The verdict in favor of defendant Black &

Veatch is affirmed. (Appeal from judgment of Supreme Court, Erie County, Ricotta, J.—negligence.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.