Michael E. COOKE, Appellant

v.

CSX TRANSPORTATION, INC., Appellee.

No. 2011–CA–000736–MR.

Court of Appeals of Kentucky.

Dec. 7, 2012.

Discretionary Review Denied by Supreme Court Sept. 18, 2013.

Alva A. Hollon, Jr., Jacksonville, FL, Allen K. Gruner Louisville, KY, for appellant.

Rod D. Payne, Louisville, KY, for appellee.

Before CAPERTON, LAMBERT, and MOORE; Judges.

*OPINION*

LAMBERT, Judge:

Michael E. Cooke has appealed from the Jefferson Circuit Court's trial order and judgment entered on March 23, 2011, following a second jury trial, dismissing his claims against CSX Transportation, Inc., (CSX) for failing to provide a reasonably safe place to work pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60. We have closely reviewed the record, and we find no error or abuse of discretion in the instructions to the jury or in the evidentiary rulings raised on appeal. Therefore, we affirm the trial court's judgment.

This case began with the filing of a three-count complaint by Cooke on December 26, 2002, relating to injuries he received during his employment with CSX, a common carrier by rail, engaged in interstate commerce. Cooke alleged that he was injured on July 25, 2000, while he was engaged in his work of painting a gondola when the line was unexpectedly activated and the gondola car began to move, hitting him on the head and knocking him into the concrete pit under the line. Cooke sustained injuries to his right arm, shoulder, back, and head. Cooke alleged a second injury on August 24, 2000, while painting the underside of a gondola car that was moving, when he stepped into a hole in the grating, lost his footing, and struck his right hip, back, head, and neck on the filter hooks and elevated track. For these two injuries, Cooke claimed that CSX negligently failed to provide him with a safe place to work, failed to warn him of potential dangerous conditions, and failed to provide proper lighting in the area he was working. For his third claim, Cooke alleged that he had developed bilateral carpal tunnel syndrome due to repetitive trauma to his upper extremities because of the vibratory equipment he used to complete his work.[1]

The matter proceeded to a trial by jury on July 18, 2006. The jury returned a 10–2 verdict in favor of CSX, answering "No" to the question: "Do you believe from the evidence that CSX failed to exercise that [ordinary] care required of it, and that failure, no matter how slight, was a substantial factor in causing injury to the Plaintiff?" The trial court thereafter entered a final judgment in favor of CSX and dismissed Cooke's claims. On appeal,[2] this Court reversed the judgment, holding that the trial court had improperly instructed the jury on causation based upon the recently rendered case of *Hamilton v. CSX Transportation, Inc.*, 208 S.W.3d 272 (Ky. App.2006). In addition, the Court held that on retrial, Cooke should be permitted to call Jimmy Hughes as a witness to testify as to the limited issue of whether a videotape of the paint shop fairly and accurately represented the lighting conditions at the time of Cooke's injuries. The Supreme Court denied CSX's motion for discretionary review, and the matter was remanded to the circuit court once this Court's opinion became final in January 2009.

The matter proceeded to a retrial by jury on March 8, 2011. At the conclusion of the case, the jury returned a 10–2 verdict in favor of CSX. The court entered a trial order and judgment on March 23, 2011, in favor of CSX and dismissed Cooke's claims. Cooke now appeals the final judgment, raising issues related to jury instructions and evidentiary rulings.

Cooke's first argument addresses the propriety of the circuit court's jury in-

---

1. Cooke's claim for carpal tunnel syndrome was dismissed on July 10, 2006.

2. *Cooke v. CSX Transportation, Inc.*, 2006–CA–001931–MR (Dec. 7, 2007).

structions. In our prior opinion, this Court, in reliance upon *Hamilton, supra,* stated: "We believe that a proper instruction should include, as to the question of causation, either the language, 'caused, in whole or in part,' or 'played any part, even the slightest, [in causing].' " *Cooke,* slip op. at 6. On retrial, the circuit court instructed the jury as follows: "If you are satisfied from the evidence that Defendant failed to comply with this duty [of ordinary care] and that such failure was a cause of Plaintiff's injury, in whole or in part, you will find for Plaintiff; otherwise, you will find for Defendant." Cooke argues that the circuit court should have included the additional modifying language "no matter how slight" pursuant to later case law.

We shall begin with a recitation of the federal statute at issue. 45 U.S.C.A. § 51 provides:

Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track,

roadbed, works, boats, wharves, or other equipment.

Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

The issue in this case relates to the propriety of the jury instructions issued by the circuit court. The law in the Commonwealth related to jury instructions is well-settled:

Alleged errors regarding jury instructions are considered questions of law that we examine under a *de novo* standard of review. *Reece v. Dixie Warehouse and Cartage Co.,* 188 S.W.3d 440, 449 (Ky.App.2006). "Instructions must be based upon the evidence and they must properly and intelligibly state the law." *Howard v. Commonwealth,* 618 S.W.2d 177, 178 (Ky.1981). "The purpose of an instruction is to furnish guidance to the jury in their deliberations and to aid them in arriving at a correct verdict. If the statements of law contained in the instructions are substantially correct, they will not be condemned as prejudicial unless they are calculated to mislead the jury." *Ballback's Adm'r v. Boland–Maloney Lumber Co.,* 306 Ky. 647, 652–53, 208 S.W.2d 940, 943 (1948).

*Hamilton,* 208 S.W.3d at 275. Specifically related to FELA cases, the Supreme Court of Kentucky stated in *CSX Transportation, Inc. v. Begley,* 313 S.W.3d 52, 60 (Ky.2010):

The purpose of instructing a jury is to guide jurors in applying the law correct-

ly to the facts in evidence. Pattern jury instructions used in FELA cases tried in federal court tend to be lengthy and detailed. Kentucky state courts take a "bare bones" approach to jury instructions, however, leaving it to counsel to assure in closing arguments that the jury understands what the instructions do and do not mean. A proper instruction correctly advises the jury " 'what it must believe from the evidence in order to return a verdict in favor of the party who bears the burden of proof' on that issue." Regardless of what form jury instructions take, they must state the applicable law correctly and neither confuse nor mislead jurors. A trial court has a duty to give a correct instruction when a party offers an erroneous or misleading instruction on a proper issue. [Footnotes omitted.]

In *Begley,* the Supreme Court more generally addressed the application of FELA:

The FELA preempts all state law concerning an interstate railroad's liability for an employee's death or personal injury due to the railroad's negligence. Thus, the substantive law that governs a FELA action is federal, regardless of whether it is brought in state or federal court. Federal decisional law governs what constitutes negligence in a FELA claim and requires a plaintiff to prove the traditional common-law elements of negligence, including duty, breach, foreseeability, causation, and injury in order to prevail. Federal law also governs the parties' burden of proof on the merits; the sufficiency of the evidence; the substantive law required in instructions, and the proper measure of damages, including the prohibition against prejudgment interest and the requirement that future damages be reduced to present value and measured in after-tax dollars.

The law of the forum governs procedural matters when a FELA claim is tried in state court. Thus, state and local rules concerning pleading, verdicts, the form of jury instructions, admissibility of evidence, reviewability of damages for excessiveness, and other procedures generally govern FELA claims unless their application is found to diminish, destroy, or interfere with a right or obligation created by the FELA. The cases indicate and the Supreme Court acknowledges that formulating a clear rule to distinguish what is procedural from what is substantive is impossible.

*Begley,* 313 S.W.3d at 58–60 (footnotes omitted).

More specifically, in the seminal case of *Rogers v. Missouri Pac. R. Co.,* 352 U.S. 500, 506–07, 77 S.Ct. 443, 448–49, 1 L.Ed.2d 493 (1957), the United States Supreme Court set forth the requisite burden of proof in a FELA case:

Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the

jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or in part' to its negligence. [Footnotes omitted.]

Several decades later, the *Begley* Court explained "[t]he elements of a FELA claim are determined by federal common law unless abrogated specifically by the Act[,]" and FELA "imposes liability for an employee's injury that results 'in whole or in part' from the railroad's negligence and reduces rather than prohibits a recovery due to the injured worker's contributory negligence." *Begley*, 313 S.W.3d at 60 (footnote omitted).

In June 2011, several months after the circuit court entered its judgment, the United States Supreme Court issued the opinion of *CSX Transportation, Inc. v. McBride*, —— U.S. ——, 131 S.Ct. 2630, 180 L.Ed.2d 637 (2011). The Supreme Court ultimately upheld the instruction on review, which was based upon the Seventh Circuit Court's pattern instruction for FELA cases:

> Defendant 'caused or contributed to' Plaintiff's injury if Defendant's negligence played a part—no matter how small—in bringing about the injury. The mere fact that an injury occurred does not necessarily mean that the injury was caused by negligence.

*Id.* at 2635. In *McBride*, the Supreme Court clarified the applicable language to use in instructing a jury in a FELA case.

> [T]he Act does not incorporate "proximate cause" standards developed in nonstatutory common-law tort actions. The charge proper in FELA cases, we hold, simply tracks the language Congress employed, informing juries that a defendant railroad caused or contributed to a plaintiff employee's injury if the railroad's negligence played any part in bringing about the injury.

*Id.* at 2634. The Court went on to state: "Juries in such cases are properly instructed that a defendant railroad 'caused or contributed to' a railroad worker's injury 'if [the railroad's] negligence played a part—no matter how small—in bringing about the injury.' That, indeed, is the test Congress prescribed for proximate causation in FELA cases." *Id.* at 2644.

> We regard the phrase "negligence played a part—no matter how small," *see Rogers*, 352 U.S., at 508, 77 S.Ct. 443, as synonymous with "negligence played any part, even the slightest," *see id.*, at 506, 77 S.Ct. 443, and the phrase "in producing the injury" as synonymous with the phrase "in bringing about the injury." We therefore approve both the Seventh Circuit's instruction and the "any part, even the slightest, in producing the injury" formulation.

*McBride*, 131 S.Ct. at 2639 n. 3.

■ Turning to our review of the present case, Cooke contends that not only should the circuit court have included the "in whole or in part" language, but it should have included modifying language to inform the jury that the causal nexus between CSX's negligence and his injury only needed to be "slight." CSX, on the other hand, contends that the instruction was proper. We agree with CSX that the instruction provided by the circuit court complied with *McBride*.

We believe that the instruction provided in the retrial of this case properly states the applicable law: "If you are satisfied from the evidence that Defendant failed to comply with this duty [of ordinary care] and that such failure was a cause of Plaintiff's injury, in whole or in part, you will find for Plaintiff; otherwise, you will find for Defendant." The instruction tracks the federal statute, which provides, in relevant part: "Every common carrier by rail-

road while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting *in whole or in part* from the negligence of [the common carrier]." 45 U.S.C.A. § 51 (emphasis added). We note that the instruction upheld in *McBride* did not include the language "in whole or in part," but rather stated "played a part—no matter how small[.]" We believe this language—"in whole or in part"—is synonymous with the language approved in *McBride*—"played a part—no matter how small"—and is therefore a proper instruction without any additional modifying language. Furthermore, as CSX points out, the circuit court complied with this Court's direction in the first opinion to include in the instruction, *"either the language, 'caused, in whole or in part,' or 'played any part, even the slightest, [in causing].' "* Slip op. at p. 6 (emphasis added). And the language complies with Kentucky's preference for bare bones instructions, providing the parties enough latitude to explain to the jury that the "in whole or in part" language incorporated the "slight" modifier. *See Reece v. Dixie Warehouse and Cartage Co.,* 188 S.W.3d 440, 449–50 (Ky.App.2006) ("Kentucky law requires that jury instructions be limited to the 'bare bones,' and not include 'an abundance of detail,' but rather, provide a 'skeleton [that] may then be fleshed out by counsel on closing argument.' ").

For these reasons, we hold that the circuit court properly instructed the jury on causation, and we find no error in the instruction.

■ We shall next consider Cooke's argument that the circuit court erred in excluding evidence of post-accident unsafe condition reports through the testimony of Jimmy Hughes, a former employee of CSX. "[A]buse of discretion is the proper standard of review of a trial court's evidentiary rulings." *Goodyear Tire and Rubber Co. v. Thompson,* 11 S.W.3d 575, 577 (Ky. 2000).

The circuit court granted a pre-trial motion *in limine* related to post-accident subsequent remedial measures pursuant to Kentucky Rules of Evidence (KRE) 407. However, Cooke argued before the trial court that his testimony would provide impeachment evidence related to how the paint booth looked, while CSX contended that there was no such testimony to be impeached.[3] The court ruled that the filing of a post-accident complaint could not be permitted, noting that the Court of Appeals ruled in the first appeal that Mr. Hughes could only be called to testify on the limited issue of whether the videotape accurately represented the lighting conditions at the time of Cooke's injuries.

We agree with CSX that the circuit court properly excluded this evidence pursuant to KRE 407, which prohibits the introduction of evidence of subsequent remedial measures:

When, after an event, measures are taken which, if taken previously, would have made an injury or harm allegedly caused by the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of

---

**3.** In its brief, CSX argues that this proposed testimony was irrelevant based upon the application of the Rules of Evidence.

precautionary measures, if controverted, or impeachment.

Accordingly, we find no abuse of discretion in this ruling.

Cooke's next argument addresses whether the circuit court erred in excluding the testimony of his union representative, Woody Lane, regarding a union grievance concerning post-injury corrections and whether the work place was made safe. Again, this is evidence of subsequent remedial measures that is prohibited by KRE 407. Therefore, we hold that the circuit court did not abuse its discretion in excluding this testimony.

For his next argument, Cooke contends that the circuit court erred in excluding evidence that CSX changed the composition of its paint. Cooke wanted to introduce this evidence to establish that the vertigo he had been experiencing prior to the change in the paint composition from oil-based to water-based ended once the change was made, and that this change occurred before he experienced his two injuries. Thus, his vertigo, which had stopped because the paint composition had been changed, did not cause his falls. CSX, however, argued that its mention of his prior bouts of vertigo was not meant to be a theory of causation, but rather went to whether his post-accident neurological complaints pre-existed the injuries. Furthermore, CSX argued that there was no medical evidence to support Cooke's theory that the oil-based paint composition caused his dizziness. We agree with the circuit court that this evidence was irrelevant in light of the fact that the theory Cooke was attempting to rebut had not been raised at that time—and never was raised—and therefore we hold that this evidence was properly ruled as inadmissible.

For his final argument, Cooke contends that the circuit court erred in excluding evidence of his post-accident union grievance. Again, we agree with CSX that this evidence was properly excluded pursuant to KRE 407.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.